**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Dennis Eugene Hearron,<br><br>  Defendant/Movant. | No. CV 18-312-TUC-CKJ<br>     CR 91-392-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Motion") (CV 18-312, Doc. 1; CR 91-392, Doc. 873) and Supplements (CV 18-312, Docs. 4 and 6) filed by Movant Dennis Eugene Hearron ("Hearron"). A response (CV 18-312, Doc. 5) has been filed by the government. Hearron has filed a reply (CV 18-312, Doc 8). Also pending before the Court is a Motion for the Assignment of Counsel (CV 18-312, Doc. 9) filed by Hearron.

I. *Factual and Procedural Background*

On December 17, 1991, a superseding indictment was issued alleging one count of conspiracy to posses with intent to distribute marijuana, one count of possession with intent to distribute marijuana, one count of conspiracy to possess cocaine with intent to distribute, two counts of possession with intent to distribute cocaine, and one count of use of a firearm in relation to a drug trafficking offense against Hearron.

A jury found Hearron guilty of possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(A), conspiracy to

possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846, and possession or use of a firearm during a drug trafficking offense, in violation of 21 U.S.C. § 924(c). On October 9, 1992, the Hon. John M. Roll sentenced Hearron to five life terms of imprisonment, to run concurrently, and a five year term to run consecutively. (CR 91-00392-TUC-JMR (Doc. No. 298)). Based on two prior felony drug offenses in California, Hearron was found to be a career offender, pursuant to U.S.S.G. § 4B1.1.

On June 26, 2018, Hearron filed a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Hearron has filed two supplements to his Motion. (CV 18-312, Docs. 4 and 6). The government has filed a response and (CV 18-312, Doc. 5) and Hearron has filed a reply (CV 18-312, Doc 8).

II. *Request for Assistance of Counsel*

Hearron is requesting counsel to assist him in perfecting a motion for compassionate release. It appears this motion should not have been filed in the civil case.

To any extent Hearron is seeking counsel in this case, the Court recognizes that the right to counsel provisions of the Sixth Amendment do not apply in habeas corpus proceedings. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987). Nonetheless, under 18 U.S.C. § 3006A(a)(2)(B) a district court has discretion, when "the interests of justice so require," to appoint counsel for an indigent defendant seeking relief under section 28 U.S.C. § 2255. *See also* Guidelines for the Administration of the Criminal Justice Act and Related Statutes § 2.01(A)(2)(ii) (an attorney may be appointed when the interests of justice so require to any financially eligible person who is seeking relief pursuant to 28 U.S.C. § 2255). In determining whether the interests of justice require the appointment of counsel, the Court considers the likelihood of success on the merits and the ability of a petitioner to articulate his claims *pro se*. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983).

As the Court has found, *infra*, that Hearron is not entitled to § 2255 relief, the Court will deny the request for the appointment of counsel in this matter.

III. *28 U.S.C. § 2255*

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may move a sentencing court to vacate, set aside, or correct his or her sentence on the grounds that (i) the sentence violates the U.S. Constitution or other federal law; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence exceeds the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack.

IV. *Life Imprisonment as a Career Offender*

Hearron asserts his sentence to life imprisonment as a career offender must be set aside. He argues that he was adjudicated as a career offender based upon two California predicate convictions that have been set aside. Hearron acknowledges that misdemeanor convictions were subsequently entered as to the vacated California felony offenses. Specifically, he states:

> On June 16, 2018, upon Motion of Petitioner, and the District Attorney for San Bernardino County, CA, Petitioner's conviction in the latter case, CR 32872 was reduced to a misdemeanor, and Petitioner was subsequently convicted of a misdemeanor in CR 31338. As such, Petitioner's conviction and sentence was vacated on January 25, 2018, and remained vacated until June 16, 2018. The mere fact that a misdemeanor conviction was entered on that latter date does not impact [or] undermine the fact that the conviction was vacated, a priori.

Motion Memorandum (CV 18-312, Doc. 1-1, p. 10).

The government asserts, however, that a similar case in the Ninth Circuit has determined that "a state making a change to a state conviction after it has become final, "does not alter the historical fact of the [prior state] conviction" becoming final – which is what § 841 requires." *United States v. Diaz,* 838 F.3d 968, 974 (9th Cir. 2016), *citing Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 115 (1983). Indeed, Ninth Circuit precedent is binding upon this Court. *See e.g.*, *Hart v. Massanari*, 266 F.3d 1155, 1172 (9th Cir. 2001) ("an opinion of our court is binding within our circuit").

In other words, this Court is bound by the Ninth Circuit authority as stated in *Diaz*, rather than in *Arreola-Castillo v. United States*, 889 F.3d 378 (7th Cir. 2018), or *United States v. Elder*, 900 F.3d 491, 494 (7th Cir. 2018), cases relied upon by Hearron.

Moreover, in *Arreola-Castillo*, the court was addressing whether the petitioner was timely presenting his claim. The court stated:

> The district court denied his § 2255 petition on the ground that it was time-barred. It relied on 21 U.S.C. § 851(e), which prohibits an individual from challenging the validity of a prior conviction that is more than five years old at the time the government seeks the recidivism enhancement. Because Arreola-Castillo is not challenging the validity of his prior convictions, but rather their very existence, we reverse.

*Arreola-Castillo*, 889 F.3d at 381. Further, *Elder* did not involve a felony offense that had been reclassified as a misdemeanor offense. In other words, in neither of these cases did the Seventh Circuit find that changing a state felony conviction into a state misdemeanor conviction warranted a resentencing. Indeed, upon remand in *Arreola-Castillo*, the district court denied petitioner's requested relief based on procedural grounds. *See Arreola-Castillo v. United States*, No. 117CV03437SEBDML, 2017 WL 11268737, at *1 (S.D. Ind. Oct. 19, 2017).

Additionally, Hearron's reliance on *United States v. Summey*, No. 5:08-cr-0181-VAP (C.D.Cal. Sept. 30, 2015), and *United States v. Pagan*, No. CR 14-00684 DDP (18), 2016 WL 8729980 (C.D. Cal. Apr. 1, 2016) is misplaced. The Ninth Circuit Court of Appeals did not issue opinions in those cases and the opinions of the district court are not controlling on this Court, *see Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001) ("that the binding authority principle applies only to appellate decisions, and not to trial court decisions, is yet another policy choice. There is nothing inevitable about this; the rule could just as easily operate so that the first district judge to decide an issue within a district, or even within a circuit, would bind all similarly situated district judges, but it does not"), unlike the Ninth Circuit opinion issued in *Diaz*.

Moreover, Hearron's reliance upon *United States v. Norwood*, CR 13-0388-RGK, 2016 WL 269571 (C.D.Cal. 2016), is also misplaced. On appeal, the Ninth Circuit relied upon *Diaz* and determined "Norwood's prior conviction remain[ed] a qualifying offense under § 841[.]" *United States v. Norwood*, 733 F. App'x 387, 390 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1358, 203 L. Ed. 2d 593 (2019).

Therefore, pursuant to *Diaz*, the reclassification of Hearron's "certain past felony convictions as misdemeanors[] does not undermine a prior conviction's felony-status for purposes of § 841. California's later actions cannot change the fact that [Hearron] committed his federal offense after two or more convictions for a felony drug offense [had] become final. *Diaz*, 838 F.3d at 975, *internal quotations omitted*. Hearron is not entitled to relief.

V. *Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Motion is brought pursuant to 28 U.S.C. § 2255. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

1  The Court finds that jurists of reason would not find it debatable whether the Motion stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural rulings. A COA shall not issue.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. Hearron's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Motion") (CV 18-312, Doc. 1; CR 91-392, Doc. 873) and Supplements (CV 18-312, Docs. 4 and 6) are DENIED.

2. Cause No. CV 18-312 is DISMISSED.

3. The Clerk of the Court shall enter judgment and shall then close its file in Cause No. CV 18-312.

4. A Certificate of Appealability shall not issue in this case.

DATED this 18th day of March, 2020.

_____
Cindy K. Jorgenson
United States District Judge